Mark E. Macy
Macy Law Office, P.C.
217 West 18th Street
Cheyenne, WY 82001
Telephone: (307) 632-4100
Telefax: (307) 632-8100
E-mail: mark@macylaw.net
Wyoming Bar No.: 5-2651

*Attorney for Plaintiffs*

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2019 OCT -7 PM 4:44

MARGARET BOTKINS,
CHEYENNE

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JESSICA ANN FOX, as Personal Representative of the Estate of Iletha Ann Hamang, Deceased, and STAGELINE EXPRESS, INC., </br></br>   Plaintiffs,</br></br>v</br></br>VLADIMIR MAKARCHUK, EEZ TRUCKING, INC., and UNITED SHIPPERS ASSOCIATES, INC.,</br></br>   Defendants. | Case No.: 19-CV-207-J |

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

*NOW COME* Plaintiffs, Jessica Ann Fox, as Personal Representative of the Estate of Iletha Ann Hamang, Deceased, and Stageline Express, Inc. ("Plaintiffs"), through their attorneys, and hereby assert claims against Defendants as follows:

### Nature of Action

1. This is an action for damages against Defendants arising out of a two-vehicle collision, which occurred on September 17, 2018, on westbound I-80, near Milepost Marker 14.85 in Uinta County, Wyoming. More specifically, the accident occurred as a

result of Defendants' negligent, willful and wanton misconduct when an EEZ Trucking, Inc. ("EEZ"), commercial motor vehicle ("CMV") being operated with its authority by Vladimir Makardchuk ("Makarchuk"), and transporting goods in interstate commerce on behalf of United Shippers Associates, Inc., d/b/a STC Logistics ("STC"), caused a collision with a CMV operated by Carl Hector, lawfully occupied by Iletha Hamang, and owned by Stageline Express, Inc. ("Stageline"), that was proceeding in the same direction (hereinafter the "Accident"). Iletha Hamang was catastrophically and permanently injured in the Accident caused by Defendants and suffered economic and non-economic damages as a result. Further, as a result of Defendants' negligent, willful and wanton conduct, Stageline's CMV was destroyed, and Stageline has suffered damages to its property and business, including lost revenue, property damage and incidental expenses.

Accordingly, Plaintiffs seek economic, non-economic and punitive damages against all Defendants as a result of the Accident, and such other relief as may be deemed proper by the Court.

### Parties, Jurisdiction and Venue

2. Iletha Hamang, at all relevant times, was a citizen of the state of Nebraska, and passed away on May 13, 2019. Ms. Hamang's daughter, Jessica Ann Fox, is a citizen of the state of Wisconsin, and was appointed as the Personal Representative of Iletha Ann Hamang's Estate (the "Estate") by the County Court of Dodge County, Nebraska, Case No.: PR19-136, on August 6, 2019. Plaintiff Fox, on behalf of the Estate, brings this Survival Action pursuant to Wyo. Stat. § 1-4-101.

3. Ms. Hamang was a citizen of the state of Nebraska at the time of her death, as well as at the time she was injured by Defendants; therefore, Plaintiff Estate is a citizen of the state of Nebraska pursuant to 28 USCA § 1332(c)(2).

4. Plaintiff Stageline is a corporation incorporated under the laws of the state of Michigan, authorized to conduct business in the state of Wyoming, and has its principal place of business in Coopersville, Michigan. Stageline is a regulated interstate motor carrier, primarily engaged in the enterprise of providing transportation services to the shipping public under authority granted by the United States Department of Transportation ("USDOT"), operating under USDOT No. 1005195.

5. Defendant Makarchuk, upon information and belief, is a citizen of the state of Oregon and was an employee of EEZ at the time of the Accident. Upon information and belief, at the time of the Accident, Makarchuk was operating a CMV owned by EEZ, and as such, is subject to both state and federal regulations and laws applicable to the operation of a CMV.

6. Defendant EEZ is a corporation incorporated under the laws of the state of Oregon and has its principal place of business in Portland, Oregon. EEZ is a regulated interstate motor carrier, primarily engaged in the enterprise of providing transportation services to the shipping public under authority granted by the USDOT, operating under USDOT No. 2994251. As a regulated interstate motor carrier, EEZ and its employees, including Makarchuk, are subject to state and federal regulations and laws concerning the transportation of goods in interstate commerce, and regulations and laws concerning the operation, maintenance, and repair of CMVs operated under EEZ's USDOT authority.

7.   Defendant STC is a corporation incorporated under the laws of the state of New Jersey, and has its principal place of business in Clark, New Jersey. STC is a Freight Forwarder as that term is defined in 49 USCA §13102(8), operating under Freight Forwarder No. FF-11964. As a Freight Forwarder, STC is responsible for the transportation, and consequences that may arise during transportation, for its loads from the place of a motor carrier's receipt to place of destination.

8.   This Court has original jurisdiction over this action pursuant to 28 USCA §1332(a) (Diversity) as the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and Plaintiffs and all Defendants are citizens of different states.

9.   Venue is proper in this Court pursuant to 28 USCA §1391(b)(2) on the grounds that the events giving rise to, and which caused the Accident, took place in this judicial district.

**Factual Assertions**

10.   Plaintiffs reincorporate and reallege the allegations contained in Paragraphs 1 through 9 above as if fully restated herein.

11.   On September 17, 2018, at approximately 3:13 p.m., Carl Hector was operating a Stageline CMV westbound on I-80, just west of Mile Marker 15 in the right-hand lane. Iletha Hamang was a permissive passenger in the CMV operated by Mr. Hector and was Mr. Hector's long-term companion.

12.   On that same date, Makarchuk was operating a CMV owned and/or leased by EEZ under EEZ's USDOT authority and with EEZ's express and/or implied consent. Upon information and belief, Makarchuk was a driver trainee and was transporting a load

from Fredericksburg, Virginia, to Portland, Oregon. The freight being transported was being forwarded by STC.

13. The EEZ CMV that Makarchuk was operating experienced a mechanical breakdown, believed to be a clogged fuel filter, which deprived the EEZ CMV from having enough power to drive at a safe highway speed.

14. Makarchuk ignored the mechanical problems the EEZ CMV was experiencing, and rather than bring that vehicle to a stop on the right-hand shoulder of westbound I-80 until such time as repairs could be made, Makarchuk instead continued to operate the EEZ CMV in its compromised mechanical condition at a slow rate of speed on the right-hand shoulder of westbound I-80.

15. Despite the fact that traffic was not clear, and despite the fact that the EEZ vehicle was traveling significantly slower than traffic approaching from the rear, and despite the fact that the Stageline vehicle operated by Mr. Hector had the right-of-way, Makarchuk steered the EEZ vehicle from the right-hand shoulder into the right-hand westbound lane of I-80, directly into the path and lane lawfully occupied by Stageline's CMV operated by Mr. Hector. As a result, the Accident occurred.

16. As a result of the Accident caused by Defendants, Iletha Hamang suffered catastrophic and life-altering injuries, both mental and physical--including but not limited to:

    A.    a comminuted proximal left femur fracture with significant varus angulation;
    B.    a small bowel obstruction; and
    C.    an aneurysm of her ascending aorta.

17. As a result of the injuries suffered in the Accident, Iletha Hamang, prior to her death, was forced to undergo extensive and lengthy in-patient rehabilitation and treatment and underwent multiple surgical procedures to her leg and vascular and digestive systems.

18. As the sole, actual and proximate result of the acts, omissions, fault and negligence of Defendants, Plaintiff continued to suffer until the date of her death on May 13, 2019, substantial damages exceeding $75,000, and of a type which will be specifically proven at trial as provided by Wyoming Civil Pattern Jury Instruction 4.01, as follows:

    A. Past and present suffering and emotional distress;
    B. Past and present disability and/or disfigurement;
    C. Past and present and future loss of enjoyment of life;
    D. Past and present earnings and earning capacity;
    E. Past and present medical expenses;
    F. Past and present and future caretaking;
    G. Attorney fees, costs and expenses as allowed by law; and
    H. Other damages which are to be presented in detail at the time of trial.

19. As a result of the Accident caused by the Defendants, Stageline suffered damage to its property and lost revenue as a result of its CMV being damaged to the point of being totaled which exceed the sum of $75,000.

## Count I--Negligence

20. Plaintiffs reincorporate and reallege the allegations contained in Paragraphs 1 through 19 above as if fully restated herein.

21. At the time of the Accident, and at all times leading up to the Accident, Defendants owed Plaintiffs and the public the duty to obey and drive within the conformities embodied in the common law, the laws of the state of Wyoming and the federal laws and regulations governing the operation of a CMV.

22. The Defendants did, then and there at the time of Accident, and at all times leading up to the Accident, display negligence and misconduct by causing the collision between the EEZ CMV operated by Makarchuk and the Stageline CMV operated by Carl Hector.

23. At the time of the Accident, and at all times relevant leading up to the Accident, Defendants breached their duties owed to Plaintiffs and the public as follows:

- A. driving at an improper rate of speed under the conditions then and there existing;
- B. failing to keep a reasonable lookout for reasonable persons and vehicles using said highway;
- C. failing to drive with due care and caution;
- D. failing to take all possible precautions to avoid any collision with other motor vehicles;
- E. failing to make and/or renew observations of the conditions of traffic on the highway;
- F. violation of WS 31-5-216 and 31-5-223;
- G. operating an unsafe CMV with unqualified personnel; and
- H. other acts or omissions which caused or contributed to the Accident.

24. As a proximate cause of Defendants' negligence, Iletha Hamang was seriously injured and Stageline was damaged as previously stated in Paragraphs 18 and 19 above.

25. As a result of said injuries and damages, and as a proximate result of Defendants' negligence, Plaintiffs have suffered the damages identified in Paragraphs 18 and 19 above.

**WHEREFORE**, Plaintiffs now claim judgment against Defendants for whatever amount the finder of fact finds they are entitled, and such other relief as be deemed proper and just by the Court.

## II. *Respondeat Superior*

26. Plaintiffs reincorporate and reallege the allegations contained in Paragraphs 1 through 25 above as if fully restated herein.

27. At the time of the Accident, and at all times relevant hereto, EEZ was the employer of Makarchuk, who was acting within the course and scope of his employment with EEZ and operating EEZ's CMV with EEZ's permission.

28. At the time of the Accident, and at all times relevant hereto, STC was the Freight Forwarder for the load Makarchuk was transporting and, as such, was responsible for the safe transportation of those goods until such time as they were delivered.

29. Accordingly, Defendants EEZ and STC are liable for Defendant Makarchuk's negligence under the doctrine of *respondeat superior*.

30. As a proximate cause of Defendants' negligence, which occurred while Makarchuk was in the course and scope of his employment with EEZ, while transporting freight forwarded by STC, pursuant to the doctrine of *respondeat superior* and vicarious employer/employee liability, Plaintiffs were injured and suffered damages as previously stated in Paragraphs 18 and 19 above.

**WHEREFORE**, Plaintiffs now claim judgment against Defendants for whatever amount the finder of fact finds they are entitled, and such other relief as be deemed proper and just by the Court.

## Count III--Negligent Hiring, Training and Entrustment

31. Plaintiffs reincorporate and reallege the allegations contained in Paragraphs 1 through 30 above as if fully restated herein.

32. Defendants EEZ and STC carelessly, recklessly, wantonly and negligently entrusted a CMV and the operation thereof to Defendant Makarchuk, the latter person being a person incompetent, mentally unfit, unqualified, and otherwise unfit to drive a CMV upon the highways of the state of Wyoming by reasons of Makarchuk's inability, experience, and consistently negligent driving--all of which was known by Defendants, or should have been known in the exercise of reasonable care and caution by Defendants, and therefore Defendants are hereby guilty of negligence independent of Defendant Makarchuk.

33. In addition to the allegations previously set forth, Defendants are liable for the negligence and actions of Defendant Makarchuk under the Motor Carrier Safety Act, Title 49 of the Code of Federal Regulations and the United States Code.

34. EEZ was further negligent in failing to ensure that its employees, including Makarchuk, adhere to the proper regulations and/or properly supervise, train or control its employees, including Makarchuk, in the maintenance and safe operation of a CMV. The negligence of Defendants in directing, instructing, supervising and entrusting the CMV to Defendant Makarchuk was a cause of the Accident.

35. As a direct and proximate result of Defendants' negligence, Plaintiffs were seriously injured and damaged as more fully set forth in Paragraphs 18 and 19 above.

**WHEREFORE**, Plaintiffs now claim judgment against Defendants for whatever amount the finder of fact finds they are entitled, and such other relief as be deemed proper and just by the Court.

## Count IV--Punitive Damages

36. Plaintiffs reincorporate and reallege the allegations contained in Paragraphs 1 through 35 above as if fully restated herein.

37. Defendants EEZ and Makarchuk's conduct leading up to and causing the Accident is so egregious that it displays willful and wanton misconduct on the part of both Defendants; therefore, Plaintiffs request and are entitled to punitive damages as a matter of law against Defendants EEZ and Makarchuk.

**WHEREFORE**, Plaintiffs now claim judgment against Defendants for whatever amount the finder of fact finds they are entitled, and such other relief as be deemed proper and just by the Court.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38 and 39, Plaintiffs demand a trial by jury of all issues triable of right by a jury.

**DATED:** October 7, 2019.

JESSICA ANN FOX, as Personal Representative of the Estate of Iletha Ann Hamang, Deceased, and STAGELINE EXPRESS, INC., Plaintiffs

By: _____
Mark E. Macy
217 West 18th Street
Cheyenne, WY 82001
Telephone: (307) 632-4100
Telefax: (307) 632-8100
E-mail: mark@macylaw.net
Wyoming Bar No.: 5-2651

*Attorney for the Plaintiffs*